UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NITZHIA NISSIM, for herself and all others similarly situated<br><br>　　　　　　　　Plaintiffs,<br><br>　　　　-against-<br><br>SUNRISE CREDIT SERVICES, INC.<br><br>　　　　　　　　Defendant. | Index Number<br><br>**CIVIL CLASS ACTION**<br><br>**COMPLAINT<br>AND JURY DEMAND** |

Plaintiff alleges:

## NATURE OF THE ACTION

1. Defendant engaged in unlawful debt collection practices in violation of The Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDCPA").

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. § 2201.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b). Plaintiff is a resident of this judicial district, and communications giving rise to this action were sent to Plaintiff in this district.

## PARTIES

4. Plaintiff is a natural person and a resident of Brooklyn, New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

5. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

1

6. Defendant is a company that uses the mail, telephone, or facsimile to regularly engage in business the principal purpose of which is to attempt to collect debts alleged to be due another.

7. In the course of its debt collection business, Defendant regularly engages in interstate commerce and regularly conducts business within this judicial district.

8. Defendant is organized under the laws of New York, with its principal place of business located New York.

## FACTS AS TO NAMED PLAINTIFF

9. By letter dated May 6, 2016, sent by Defendant to named Plaintiff by U.S. Mail, Defendant sought to collect an alleged consumer debt.

10. A copy of Defendant's May 6 letter is attached hereto as **Exhibit A**, except that certain information has been redacted.

11. The May 6 letter treated the alleged debt as a consumer debt that was in default.

12. The alleged debt in the May 6 letter is a "debt" within the meaning of 15 U.S.C. § 1692a(5).

13. The balance due on the alleged debt set forth in Defendant's May 6 letter is $3,277.36.

14. The May 6 letter proposes a payment plan of $109.25 for 30 months, totaling an amount in excess of the balance due.

15. Defendant thereby sought to collect amounts from Plaintiff which were not owed, and to which Defendant had no right.

16. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance

**CLASS ACTION ALLEGATIONS**

17. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all similarly situated New York consumers and their successors in interest. The Class consists of:

   a) All New York residents who were sent letters from Defendant,

   b) in connection with a "debt" as defined by 15 U.S.C. § 1692a(5), purportedly owed to Bank of America, N.A., and

   c) in which Defendant offered a 30 month payment plan in which the monthly payments Defendant sought to collect, when added together, exceed the balance due on the debt Defendant sought to collect.

18. The class excludes all persons in bankruptcy proceedings.

19. The Class period begins one year to the filing of this Action.

20. This Action is properly maintained as a class action. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a) Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds of persons who have received debt collection letters and/or notices from the Defendant that violate the FDCPA. Plaintiff is complaining of a standard form letter sent to hundreds of persons;

   b) There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation whether the

    defendant violated various provisions of the FDCPA as alleged more fully above;

c) Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d) Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

e) Plaintiff will fairly and adequately protect the interest of the Class and has retained competent counsel to represent the Class.

f) A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

g) A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

h) Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

21.    All preceding paragraphs are re-alleged.

22. Count I is brought by Plaintiff for herself and the Class.

23. Section 15 U.S.C. §1692e of the FDCPA provides that: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

24. The May 6 letter sent by Defendant to Plaintiff contains a false and misleading statement concerning the debt it seeks to collect, including with respect to the amount of the debt, as alleged more fully above.

25. Section 15 U.S.C. §1692f of the FDCPA prohibits a debt collector from engaging in unfair practices, including the collection of any amounts to which the debt collector is not entitled.

26. Defendant engaged in an unfair practice in seeking to collect more than the amount to which it was entitled in the May 6 letter, as alleged more fully above.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully demands judgment against Defendant as follows:

a) Certifying the alleged Class and ordering that this action proceed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b) Awarding Plaintiff and the Class statutory and actual damages;

c) Declaring that the conduct complained of herein violates the FDCPA, and ordering that Defendant cease from all such further violations of the FDCPA as alleged herein;

d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury.

Dated: May 23, 2016
New York, New York

POSNER LAW PLLC

_____
Gabriel Posner, Esq.
270 Madison Avenue, Suite 1203
New York, New York
Phone: 646-546-5022
Email: gabe@PosnerLawPLLC.com
*Attorney for Plaintiff*